# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2013

Lyle W. Cayce
Clerk

No. 12-50113
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIA DE LA CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-791-1

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Maria De La Cruz was convicted of importing marijuana, possessing with intent to distribute marijuana, using a minor to assist in avoiding detection and apprehension of a drug operation, and making a false statement to the Department of Homeland Security. De La Cruz was sentenced within the advisory guidelines range to 46 months in prison on each count, to be served concurrently, and four years of supervised release. She argues that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in denying her request for a jury instruction on the affirmative defense of duress.

We review the denial of a requested jury instruction for an abuse of discretion. *United States v. Storm*, 36 F.3d 1289, 1294 (5th Cir. 1994). To raise an issue of duress for consideration by the jury, a defendant must present proof of the following four elements: (1) that the defendant or a member of her family "was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious body injury"; (2) that she "had not recklessly or negligently placed [herself] in a situation in which it was probable that [s]he would be forced to choose the criminal conduct"; (3) that she "had no reasonable legal alternative to violating the law," that is, no chance "to refuse to do the criminal act and . . . to avoid the threatened harm"; and (4) that there was "a direct causal relationship . . . between the criminal action taken and the avoidance of the threatened harm." *United States v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998) (internal quotation marks, modifications, and citations omitted); *United States v. Liu*, 960 F.2d 449, 454 (5th Cir. 1992) (noting that the defense extends to threats involving family members).

De La Cruz failed to introduce evidence of a sufficiently imminent threat to her or her children's safety or that she had no reasonable alternative to violating the law. *See Posada-Rios*, 158 F.3d at 873-74. Thus, the district court did not abuse its discretion by denying the requested jury instruction.

AFFIRMED.